NEW YORK PRACTICE REPORTS. 475

Eppendorf agt. Brooklyn City and Newtown R. R. Co.

## CITY COURT OF BROOKLYN.

MAX EPPENDORF, respondent, agt. THE BROOKLYN CITY AND
NEWTOWN RAILROAD COMPANY, appellant.

*Injuries arising from negligence on a city railroad.*

Where the plaintiff in attempting to get on an open city railroad car while
it was slowly moving, the driver holding on to the brake for that
purpose, but before he got his foot placed safely on the car step the
driver let go the brake and the horses started with a sudden jerk of the
car throwing the plaintiff's foot from the step down upon the track
where it was mutilated by the car wheel, *held*, that the railroad company
was liable.

*General Term, May,* 1876.

*Present* — NEILSON, *Ch. J., and* REYNOLDS, *J.*

THIS case was tried before Mr. justice McCUE and a jury
and verdict rendered for plaintiff.

The defendant now makes a motion for a new trial on appeal
from the judgment.

*Lewis Hurst & Mr. Badger*, for appellant.

*T. C. Cronin*, for respondent, citing *Filer* agt. *N. Y. C.
R.* (49 *N. Y.*, 42); *Milliman* agt. *N. Y. C. R.* (4 *Hun*,
407); *Meddlestadt* agt. *W. A. R. R. Co.* (32 *Howard*, 428);
*Bodist* agt. *Lake, M. and S. R. Co.* (4 *Hun*, 346).

REYNOLDS, *J.* — According to the plaintiff's statement,
which we must assume to be true, he attempted to get upon

Eppendorf agt. Brooklyn City and Newtown R. R. Co.

one of defendant's open cars by stepping upon the side rail, or foot board, at the same time taking hold of the railing at the end of one of the seats. In consequence of plaintiff's signal to stop the driver had applied the brake, and was still holding it, and the car was nearly at a stop when the plaintiff thus attempted to get on. Plaintiff saw the driver leaning over his brake and looking at him as he was stepping up, but at that instant the driver let go the brake, causing a jerk, before plaintiff's right foot was fairly on the stepping board. His foot struck upon the edge of the board, but slipping, and as the leg went down the foot was caught and mutilated by the wheel.

We cannot hold as matter of law that the plaintiff, in attempting to get on the car under the circumstances described by himself, was guilty of negligence contributing to the injury. He had a right to assume that the brake would be kept on till he was safely on board. It may be conceded that by commencing to get on before the car had come to a complete stop he assumed all the risk incident to the motion which the car then had but not the danger arising from the sudden start or "jerk" which was given to it by letting go the brake too soon; he was not bound to anticipate such negligence on the part of the driver. We think the case was fairly and clearly stated by the court in the charge, and we see no occasion to interfere with the verdict. The judgment should be affirmed, with costs.

NEILSON, Ch. J., concurs.